**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3520-18T3

DIVYENDRA BAJPAI,

    Plaintiff-Respondent,

v.

MAUMITA BAJPAI,

    Defendant-Appellant.

_____

Argued February 25, 2020 – Decided April 24, 2020

Before Judges Currier and Firko.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Morris County, Docket No. FM-14-1493-15.

Daniel B. Tune argued the cause for appellant (Martin & Tune, attorneys; Daniel B. Tune, of counsel and on the briefs).

Leslie A. Farber argued the cause for respondent.

PER CURIAM

Defendant Maumita Bajpai appeals from the November 29, 2018 order granting plaintiff Divyendra Bajpai's motion to enforce certain provisions of the parties' final judgment of divorce (FJOD) and denying defendant's cross-motion for modification of the FJOD. She also appeals from the April 2, 2019 order denying reconsideration. Because the motion judge misapprehended the substance of defendant's request for modification, we reverse and remand for the entry of an order amending the FJOD.

The parties were married in 1992 and separated in January 2013. Defendant remained in the marital home and was responsible for the mortgage payments during the divorce proceedings. In September 2016, the court entered an order requiring defendant "attempt to remove plaintiff's name from the mortgage" on the marital home and "immediately become current on all mortgage payments and pay same in a timely manner."

Unable to resolve their issues amicably, the case proceeded to trial in October 2017. On the second day of trial, October 24, the parties reached an agreement regarding the mortgage and a lien that was on the property. To assist defendant in obtaining a loan modification, plaintiff executed a quitclaim deed and other necessary documents to transfer the property to defendant. In addition, plaintiff assumed responsibility for a $23,000 debt, counsel fees owed

to his prior counsel, which was attached as a lien to the property. The debt was to be repaid to the law firm within three years.

The FJOD was entered on January 25, 2018.[1] Paragraph thirteen stated:

> In light of Defendant having sole and exclusive possession of the marital residence for over 5 years, and given that in a September 2016 [o]rder she was clearly directed to ensure that all arrears regarding the mortgage were to be brought current by her (an [o]rder she remains in violation of), Defendant shall be solely responsible for any debt currently associated with the residence, and shall be responsible for indemnifying and holding Plaintiff harmless with respect to any costs, fees, or liabilities that he may incur regarding the residence.

Under paragraph fourteen, defendant was ordered to "utilize her best efforts to remove [p]laintiff's name from any ownership documents regarding the marital residence, so that his name is removed within 60 days." The FJOD did not include the settlement agreement memorialized in court on October 24, 2017 regarding plaintiff's responsibility for payment of the lien.

In August 2018, plaintiff moved for enforcement of certain portions of the FJOD. Pertinent to this appeal, plaintiff stated defendant had not removed his name from the mortgage. He contended this was affecting his credit score.

---

[1] An amended FJOD filed the next day has no bearing on the issue under consideration in this appeal.

Plaintiff confirmed he was "still . . . obligated to pay [his] former attorneys the sum owed to them under the terms of the agreement between the parties here." Defendant opposed the motion and filed a cross-motion. She asserted that plaintiff's name had been removed from ownership of the former marital home. However, she was unable to remove plaintiff's name from the mortgage until he satisfied the lien.

In her cross-motion, defendant requested the court amend paragraph thirteen of the FJOD to include the settlement agreement regarding the lien. Defendant proposed the following amendment:

> Defendant shall be solely responsible for any debt associated with the residence (EXCLUDING THE JUDGMENT TO EINHORN HARRIS), and shall be responsible for indemnifying and holding [p]laintiff harmless with respect to any costs, fees, or liabilities he may incur regarding the residence. THERE IS A JUDGMENT AGAINST THE FORMER MARITAL RESIDENCE RESULTING FROM PLAINTIFF'S NON-PAYMENT OF COUNSEL FEES. THIS DEBT SHALL BE HIS RESPONSIBILITY, AND HE SHALL HAVE [THREE] YEARS TO REMOVE THIS DEBT, AND IF HE FAILS TO DO SO, EVERY OTHER ONE OF HIS PAYCHECKS WILL GO DIRECTLY TO PAYING DOWN THAT DEBT DIRECTLY TO EINHORN HARRIS. IN THE EVENT DEFENDANT IS UNABLE TO MODIFY THE FIRST AND SECOND MORTGAGES AS OTHERWISE SET FORTH HEREIN, THE HOUSE SHALL BE SUBJECT TO A FORECLOSURE AND PLAINTIFF

4

<u>SHALL BE RESPONSIBLE FOR ANY DEBT REMAINING TO EINHORN HARRIS.</u>

Defendant requested oral argument.

Without oral argument, a different Family Part judge than had presided over the trial granted plaintiff's motion to enforce the FJOD and denied defendant's cross-motion for modification of paragraph thirteen. In a statement of reasons accompanying the November 29, 2018 order, the motion judge found defendant failed to comply with prior orders and the FJOD, requiring her to remove plaintiff's name from the mortgage. In addressing the cross-motion, the judge referenced contract principles and general law regarding settlement agreements. He then stated defendant had not provided any "persuasive evidence establishing the [FJOD] is unfair or unconscionable."

Defendant moved for reconsideration of her cross-motion, again requesting oral argument. She emphasized that, prior to the conclusion of the divorce trial, the parties had placed a settlement on the record regarding the lien. However, the trial judge had neglected to include the settlement agreement in the FJOD.

The judge denied the motion on April 2, 2019 without affording oral argument. In a written statement of reasons, the motion judge stated that the October 24, 2017 settlement agreement was not memorialized in the FJOD, "or

5                                                                           A-3520-18T3

reduced to writing in any form." He noted that defendant conceded the lien did not affect the first mortgage modification, but it remained an "obstacle" to any modification of the second mortgage. However, because defendant had not presented any evidence that the lien had to be removed prior to any modification of the second mortgage, her cross-motion was denied.

On appeal, defendant asserts the trial judge's failure to mention the settlement agreement in the FJOD was a "clear facial clerical error and not a substantive error." Therefore, because a court has the power to correct clerical errors under Rule 1:13-1, the second Family Part judge erred in denying the motion to modify the FJOD. Defendant also argues it was error to deny the multiple requests for oral argument. She contends oral argument would have cleared up any misconceptions about the proceedings in this case and would likely have resulted in the court granting her motions.

We agree that oral argument would have clarified this discrete issue for the second judge. Defendant sought only to add the parties' in-court agreement to the FJOD, in which plaintiff assumed responsibility for the lien attached to the marital property. In his papers responding to the cross-motion, plaintiff confirmed he was obligated to pay the lien. Therefore, the request to amend the judgment to include the settlement language was uncontested. However, the two

A-3520-18T3

decisions denying the respective motions reflect the motion judge's misapprehension of defendant's request. Oral argument would have clarified the issue.

Under Rule 5:5-4(a)(1), "the court shall ordinarily grant requests for oral argument on substantive and non-routine discovery motions . . . ." While courts have "discretion to deny such requests," this court has stated that exercising this authority should be reserved for issues "regarded as unnecessary or unproductive advocacy." Palombi v. Palombi, 414 N.J. Super. 274, 285 (App. Div. 2010) (quoting Fusco v. Fusco, 186 N.J. Super. 321, 328-29 (App. Div. 1982)). Defendant's effort to amend the FJOD to include the parties' settlement agreement was not "unnecessary or unproductive advocacy." Ibid. (quoting Fusco, 186 N.J. Super. at 328-29).

We must then determine whether the motion judge mistakenly exercised his discretion in denying defendant's cross-motion. Although we conclude it was error to deny defendant's application, we reach our determination on different grounds than those asserted by defendant.

The trial judge's omission in the FJOD of the settlement agreement pertaining to the lien was not a clerical error. Rule 1:13-1 provides that:

> Clerical mistakes in judgments, orders or other
> parts of the record and errors therein arising from

> oversight and omission may at any time be corrected by the court on its own initiative or on the motion of any party, and on such notice and terms as the court directs, notwithstanding the pendency of an appeal.

There is no mistake in the FJOD. Indeed, the record does not reflect, and defendant does not contend, that she requested the trial judge to include the parties' oral settlement agreement in the FJOD.

Defendant's recourse for amendment of the FJOD was under Rule 4:49-2. However, because a motion under that rule must be made within twenty days of service of the judgment or order, defendant's application would have been time-barred. Here, defendant did not make any application regarding the FJOD until she filed a cross-motion in September 2018, nine months after service of the FJOD.

Failing a timely Rule 4:49-2 application, defendant's remedy was under Rule 4:50-1(f), permitting an application founded on "any other reason justifying relief from the operation of the judgment or order." "[T]o obtain relief from an order under [Rule] 4:50-1(f), one must show that the enforcement of the order would be unjust, oppressive or inequitable." Quagliato v. Bodner, 115 N.J. Super. 133, 138 (App. Div. 1971) (citation omitted).

The parties agreed that plaintiff was responsible for the lien encumbering the marital property. The court's refusal to include that agreement in the FJOD

A-3520-18T3

could result in unjust and inequitable consequences to defendant should plaintiff not uphold the agreement. Defendant has asserted the lack of any language regarding the lien in the FJOD has compromised her ability to modify her mortgage loans. Amending the FJOD in accordance with the settlement agreement is the appropriate remedy because "courts should discern and implement the intentions of the parties." Quinn v. Quinn, 225 N.J. 34, 45 (2016) (citation omitted).

Reversed and remanded for entry of a second amended FJOD to include the October 24, 2017 settlement agreement. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION